CARI K. DAWSON (*pro hac vice* forthcoming)
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, Georgia 30309-3424
Telephone:  (404) 881-7000
Facsimile:   (404) 881-7777
E-mail:       cari.dawson@alston.com

ELIZABETH A. SPERLING (State Bar No. 231474)
GILLIAN H. CLOW (State Bar No. 298966)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone:  213-576-1000
Facsimile:   213-576-1100
E-mail:       elizabeth.sperling@alston.com
                  gillian.clow@alston.com

Attorneys for Defendant
TOYOTA MOTOR NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOVSEP HAGOPIAN, as an individual, on behalf of himself, all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR NORTH AMERICA, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  2:21-cv-02248<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1441(a) [FEDERAL QUESTION JURISDICTION] AND 28 U.S.C. § 1332(d) [CLASS ACTION FAIRNESS ACT]** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that defendant Toyota Motor North America, Inc. ("TMNA") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles ("State Court"), where the above-entitled action ("Action") was filed, to the United States District Court for the Central District of California.

In support of this Notice, TMNA alleges as follows:

## TIMELINESS OF REMOVAL

1. On January 29, 2021, plaintiff Hovsep Hagopian ("Plaintiff") commenced the Action in the State Court by filing a complaint ("Complaint") captioned, "*Hovsep Hagopian, an individual, on behalf of himself, all others similarly situated, and the general public, v. Toyota Motor North America, Inc., et al.*" Los Angeles County Superior Court Case No. 21STCV03559. The Complaint alleges the following eight purported causes of action: (1) breach of express warranty; (2) breach of implied warranty; (3) Breach of Warranty (Song-Beverly Consumer Warranty Act), Civ. Code § 1790, *et seq.*, (4) Breach of Warranty (Magnuson-Moss Warranty Act (15 U.S.C. § 2301 *et seq.*); (5) Violation of the California Unfair Competition Act ("UCL"), Business and Profession Code § 17200, *et seq.*, (6) Violation of the California False Advertisement Law ("FAL"), Business and Professions Code § 17500, *et seq.*, (7) Violation of the California Consumer Legal Remedies Act ("CLRA"), § 1750, *et seq.*, and (8) Nuisance. [A true and correct copy of the Summons and Complaint is attached to the concurrently filed Declaration of Elizabeth A. Sperling ("Sperling Decl.") as Exhibit A and to the Appendix of State Court Pleadings as Exhibit 1.]

2. Plaintiff served TMNA's registered agent for service of process, CT Corporation, with the Summons and Complaint on February 11, 2021. Sperling Decl., Ex. B. Therefore, this Notice of Removal, filed on March 12, 2021, is timely pursuant to 28 U.S.C. section 1446(b).

## VENUE

3.  Venue lies in the Central District pursuant to 28 U.S.C. sections 1441(a), 1446(a), and 84(c)(2).  This action was originally brought in the Superior Court of the State of California, County of Los Angeles.

## FEDERAL QUESTION JURISDICTION

4.  This Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1331, and is one which may be removed to this Court by TMNA pursuant to the provisions of 28 U.S.C. section 1441(a) in that it includes claims that arise under 15 U.S.C. section 2301 *et seq.*, the Magnuson-Moss Warranty Act ("Magnuson-Moss Act").  Accordingly, it is evident from the face of Plaintiff's Complaint that the claims are subject to removal to this Court.  *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441(a).

5.  Pursuant to 28 U.S.C. section 1331, federal district courts have original jurisdiction of all "civil actions arising under the Constitution, laws, or treaties of the United States."  A claim "arises under" federal law where "the vindication of a right under state law necessarily turns on some construction of federal law." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  Federal courts have jurisdiction to hear, originally or by removal, those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

6.  Moreover, pursuant to 28 U.S.C. section 1367(a), this Court has supplemental jurisdiction over Plaintiff's pendant state law claims for violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly"), breach of express warranty, breach of implied warranty, violation of the California Unfair Competition Law, violation of the California False Advertising Law; violation of California's Consumer Legal Remedies Act; and nuisance.  Plaintiff's state law claims are predicated on the

same facts and circumstances, and arise from the same transaction that forms the basis of Plaintiff's federal claim. Specifically, in his Song-Beverly claim, Plaintiff alleges that TMNA breached its express and implied warranties to him and the proposed nationwide and California state classes by selling vehicles with the alleged defect, "requiring repair or replacement within the applicable warranty period, and refusing to honor the warranties by providing free repairs or replacements during the applicable warranty periods." (Compl., ¶ 78.) The same alleged failures to repair Plaintiff's vehicle and the same alleged breach of warranties are also alleged to be the basis for Plaintiff's Magnuson-Moss Act claims. (15 U.S.C. § 2301, *et seq.*; Compl. ¶ 94.) The same facts and evidence will be required by Plaintiff to prove his state law claims as the federal Magnuson-Moss Act claim. Accordingly, this Court should properly exercise its supplemental jurisdiction over Plaintiff's pendant state law claims. *See Picard v. Bay Area Regional Transit Dist.*, 823 F.Supp. 1519, 1527 (N.D. Cal., 1993) (holding that where state law claims are based on the same set of facts as federal claims alleged, and would require plaintiffs to make virtually the same evidentiary showing at trial, state law claims did not predominate over federal claims, and court could retain supplemental jurisdiction over the same).

7. 15 U.S.C. section 2310(d)(1)(A) provides that federal jurisdiction would not be proper in a Magnuson-Moss Act case if any of the following limited three circumstances exist: "(A) if the amount in controversy of any individual claim is less than the sum or value of $25; (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit; or (C) if the action is brought as a class action and the number of named plaintiffs is less than one hundred.").

8. The fact that there is only one named Plaintiff in this putative class action, however, does not thwart the existence of federal question jurisdiction. In *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 954 (C.D. Cal. 2012), the court provided that "[c]ourts interpreting the statutory provision at issue [15 U.S.C. § 2310(d)(1)(A)],

however, have held that the requirement is satisfied when plaintiffs properly invoke jurisdiction under the Class Action Fairness Act…[W]here the party invoking federal jurisdiction is able to meet his or her burden of proving jurisdiction under CAFA, the absence of at least one hundred named plaintiffs does not prevent the plaintiff from asserting claims under the Magnuson-Moss Warranty Act" in federal court. *Keegan*, 838 F. Supp. 2d at 954 (citing *Wolph v. Acer America Corp.*, No. C 09-01314 JSW, 2009 U.S. Dist. LEXIS 83681, 2009 WL 2969467 at *2 (N.D. Cal. Sept. 14, 2009) ("Acer further contends that Plaintiffs are required to identify at least 100 members of the purported class in their Complaint…[B]ecause Plaintiffs allege an alternative basis for jurisdiction under CAFA, the Court has jurisdiction to adjudicate Plaintiffs' Magnuson-Moss Act claim"); *Brothers v. Hewlett-Packard Co.*, No. C-06-02254 RMW, 2007 U.S. Dist. LEXIS 13155, 2007 WL 485979 at *8 (N.D. Cal. Feb. 12, 2007) (adopting various district courts' reasoning that, "while the Magnuson-Moss Act provides that federal jurisdiction may be premised on allegations meeting the requirements in § 2310(d)(3), the Act alternatively permits jurisdiction 'in any court of competent jurisdiction in any State or the District of Columbia.'")).  This Court has jurisdiction over this case because original subject matter jurisdiction also exists pursuant to the Class Action Fairness Act, as demonstrated below.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)

9. The Court also has original subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA") as codified at 28 U.S.C. section 1332(d).

10. CAFA provides that a federal district court shall have original jurisdiction of any civil class action in which: (A) there are 100 or more members in the plaintiffs' proposed class; (B) any member of the proposed class is a citizen of a state different from any defendant; and (C) the amount placed in controversy by the claims of the class members exceeds the sum or value of $5,000,000 in the aggregate (exclusive of interest

and costs). 28 U.S.C. § 1332(d). As demonstrated herein, all of these criteria are met in this case.

11. CAFA defines the term "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This action has been filed as a state court class action. (*See generally*, Complaint.) Plaintiff's case falls within CAFA's definition of a class action.

### A. The Proposed Class Exceeds 100 Class Members

12. In the Complaint, Plaintiff alleges that "there are at least 100 individuals in the putative class that Plaintiff seeks to represent through this action." (Compl., ¶ 16.)

13. Therefore, CAFA's requirement of a minimum putative class size of 100 or more persons is satisfied.

### B. Minimal Diversity Of Citizenship Exists Under CAFA

14. As Plaintiff alleges in the Complaint, TMNA is a California Corporation, with its principal place of business located at 6565 Headquarters Drive, Plano, TX 75024. (*Id*., ¶ 8.) Accordingly, it is a citizen of the States of Texas and California for purposes of diversity jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014) (providing that a corporation will be deemed "at home" and thus "domiciled" where it has its principal place of business and where it is incorporated.").

15. The named Plaintiff is and was, at the time this suit was commenced, a citizen and resident of the state of California. (Compl., ¶ 6.) But, Plaintiff alleges further that "at least one Plaintiff is a citizen of a different state than Defendant." (*Id*., ¶ 16.) In addition, Plaintiff seeks to represent a nationwide class. (Compl., ¶ 27.) By definition, the proposed nationwide class would include "all persons and entities within the United States who purchased or leased, or will purchase or lease a Subject Vehicle."[1]

---

[1] Plaintiff defines "Subject Vehicles" in the Complaint to include the "2016-2019 Lexus LC500; 2016-2019 Lexus RC F; 2016-2019 Lexus GS F; and the 2013-2018 Toyota Corolla." (Compl., ¶ 19.)

(*Id.*)  This nationwide class includes all owners and lessors of the Subject Vehicles who reside across the country.  Many of these vehicle owners reside outside of California and are therefore citizens of other states.

16. The diversity of citizenship between at least one Plaintiff and TMNA satisfies the minimal diversity requirements of CAFA, as set forth in 28 U.S.C. section 1332(d)(2), which provides that the Court shall have jurisdiction if any member of a class of plaintiffs is a citizen of a State different from any defendant.

### C.  The Amount In Controversy Exceeds $5,000,000

17. CAFA provides that a federal district court shall have original jurisdiction over a putative class action in which the claims of the individual class members, when aggregated, exceed the sum of $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).

18. The legislative history makes clear that section 1332(d)(6) is to be interpreted expansively.  The Senate Committee stated: ". . . if a federal court is uncertain about whether 'all matters in controversy' in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case.  By the same token, the Committee intends that a matter be subject to federal court jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  109th Congress, 1st Session, Senate Rep. 109-14, at p. 43 (February 28, 2005).

19. Plaintiff's Complaint specifically concedes that "the amount in controversy exceeds $5,000,000." (Compl., ¶ 16.)  As a result, Plaintiff's allegations are sufficient to meet the amount in controversy requirement.

### D.  No CAFA Exceptions Apply To This Case

20. While CAFA has additional provisions under which the District Court may or shall decline jurisdiction, no statutory exception to CAFA jurisdiction applies in this

case.[2]  28 U.S.C. § 1332(d)(3) and (4).

21. Section 1332(d)(3) (the "interest of justice" exception) does not apply because Plaintiff has not demonstrated that "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate…are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3).

22. Section 1332(d)(4)(A) (the "local controversy exception") does not apply because Plaintiff has not demonstrated that "greater than two-thirds of the members of the proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(I), (III).  In addition to a California Class, Plaintiff seeks to represent a National Class defined as "all persons and entities within the United States who purchased or leased, or will purchase or lease, a Subject Vehicle, on or after Defendant placed the Subject Vehicles into the stream of commerce." (Compl., ¶ 27.)  The "Subject Vehicles" are the "2016-2019 Lexus LC500; 2016-2019 Lexus RC F; 2016-2019 Lexus GS F; and the 2013-2018 Toyota Corolla." (*Id.*, ¶ 19.)  Thus, the Complaint encompasses owners and lessors of these vehicles whom reside throughout the country, not just in California.  Nowhere in Plaintiff's Complaint does he allege the residence of the members of the proposed National Class. *See Broadway Grill, Inc. v. Visa, Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (finding that the district court "correctly denied plaintiff's motion to remand because the class, on its face, included many non-citizens of California, and [plaintiff] could not establish two-

---

[2] Plaintiff bears the burden of proving that an exception to CAFA jurisdiction applies. *See Serrano v. 180 Connect, Inc.* 478 F.3d 1018, 1022-23 (9th Cir. 2007) ("We thus hold that the provisions set forth in §§ 1332(d)(3) and (4) are not part of the prima facie case for establishing minimal diversity jurisdiction under CAFA, but, instead, are exceptions to jurisdiction"); *Bradford v. Bank of Am. Corp.*, 2015 U.S. Dist. LEXIS 120800 at *17-18 (C.D. Cal. Sept. 10, 2015) (providing that "[s]ection 1332(d)(4)(A) is an exception to CAFA jurisdiction, not an element required to invoke such jurisdiction."); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013) ("[T]he burden of proof for establishing the applicability of an exception to CAFA jurisdiction rests on the party seeking remand, which in this case, as in most cases, is the plaintiff.").

thirds were California citizens").

23. Section 1332(d)(4)(B) (the "home state exception") also does not apply because Plaintiff has not demonstrated that "two-thirds or more of the members of all proposed plaintiff classes in the aggregate…are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B); *Saunders v. DoorDash, Inc.,* No. 20-cv-05825-DMR, 2021 U.S. Dist. LEXIS 27555 (N.D. Cal. Feb. 12, 2021) (providing that the home state exception "requires the plaintiff to show by a preponderance of the evidence that at least two-thirds of the proposed class members are citizens of the forum state.").

24. Accordingly, this action is not excluded under 28 U.S.C. section 1332 or section 1453 as non-removable.

## NOTICE TO STATE COURT

25. A true and correct copy of this Notice of Removal has been served on the Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required by law.

## REMOVAL IS PROPER

26. This Court, therefore, has original jurisdiction over this action pursuant to 28 U.S.C. section 1441(a) and 28 U.S.C. section 1332(d). Accordingly, this action is properly removed to this Court pursuant to the provisions of 28 U.S.C. sections 1441 and 1446.

27. Pursuant to 28 U.S.C. section 1446(a), all process, pleadings, and orders served upon TMNA in the State Court Action are attached to the Appendix of State Court Pleadings filed concurrently herewith and are incorporated herein by reference.

28. Pursuant to 28 U.S.C. section 1446(d), TMNA has filed this Notice with this Court and is serving a true and correct copy of this Notice of Removal upon counsel for all parties, and is filing a copy of this Notice in the Los Angeles County Superior Court.

## RESERVATION OF DEFENSES

29. TMNA reserves the right to amend or supplement this Notice of Removal.

30. TMNA reserves all defenses and counterclaims, including that it is not a proper party to this action.

## CONCLUSION

WHEREFORE, for the reasons set forth above, TMNA requests that this Court exercise full jurisdiction over this action as provided by law.

Dated: March 12, 2021

CARI K. DAWSON *(pro hac vice* forthcoming)
ELIZABETH A. SPERLING
GILLIAN H. CLOW
**ALSTON & BIRD LLP**

By: */s/ Elizabeth A. Sperling*
        Elizabeth A. Sperling
Attorneys for Defendant
TOYOTA MOTOR NORTH AMERICA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2021, I caused a copy of **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT** to be served upon counsel in the manner described below.

Participants in the case who are registered CM/ECF users will be served by the Central District CM/ECF system. In addition, the following counsel will be served in the manner described below:

Via U.S. First Class Mail:

| | |
|---|---|
| Hovanes Margarian<br>Armen Margarian<br>Shushanik Margarian<br>THE MARGARIAN LAW FIRM<br>801 North Brand Boulevard<br>Suite 210<br>Glendale, CA 91203 | Counsel for Plaintiff<br>HOVSEP HAGOPIAN<br><br>Telephone: (818) 553-1000<br>Facsimile: (818) 553-1005<br><br>E-Mail: hovanes@margarianlaw.com<br>E-Mail: armen@margarianlaw.com<br>E-Mail: shushanik@margarianlaw.com |

*/s/ Elizabeth A. Sperling*
Elizabeth A. Sperling

Attorneys for Defendant
TOYOTA MOTOR NORTH AMERICA, INC

---

11
NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT