CARI K. DAWSON (*pro hac vice* forthcoming)
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, Georgia 30309-3424
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777
E-mail:       cari.dawson@alston.com

ELIZABETH A. SPERLING (State Bar No. 231474)
GILLIAN H. CLOW (State Bar No. 298966)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone:  213-576-1000
Facsimile:  213-576-1100
E-mail:       elizabeth.sperling@alston.com
                   gillian.clow@alston.com

Attorneys for Defendant
TOYOTA MOTOR NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOVSEP HAGOPIAN, as an individual, on behalf of himself, all others similarly situated and the general public,<br><br>      Plaintiff,<br><br>   v.<br><br>TOYOTA MOTOR NORTH AMERICA, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>      Defendant. | Case No. 2:21-cv-02248<br><br>**DECLARATION OF ELIZABETH A. SPERLING IN SUPPORT OF NOTICE OF REMOVAL** |

I, Elizabeth A. Sperling, do hereby declare as follows:

1.     I am an attorney duly licensed to practice law before all courts of the State of California and am a partner of the law firm of Alston & Bird LLP, attorneys of record herein for Defendant Toyota Motor North America, Inc. ("TMNA").  I make this declaration in support of TMNA's Notice of Removal.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them.

2.     Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Summons and Complaint – *Hovsep Hagopian, an individual, on behalf of himself, all others similarly situated, and the general public, v. Toyota Motor North America, Inc.*, Los Angeles County Superior Court Case No. 21STCV03559 filed on January 29, 2021.

3.     Attached hereto as **Exhibit B** is a true and correct copy of the Service of Process Transmittal reflecting service of the Summons and Complaint on TMNA's registered agent for service of process on February 11, 2021.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of March, 2021 at Los Angeles, California.

/s/ *Elizabeth A. Sperling*
Elizabeth A. Sperling

DECLARATION OF ELIZABETH A. SPERLING IN SUPPORT OF NOTICE OF REMOVAL

# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>TOYOTA MOTOR NORTH AMERICA, INC., a California Corporation;<br>and DOES 1 through 100, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>HOVSEP HAGOPIAN, an individual, on behalf of himself, all others<br>similarly situated, and the general public | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JAN 29 2021<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By _____S. DREW_____ Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT<br>CENTRAL DISTRICT - STANLEY MOSK COURTHOUSE<br>111 NORTH HILL STREET, LOS ANGELES, CA 90012 | CASE NUMBER:<br>*(Número del Caso)*<br>**21STCV03559** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
HOVANES MARGARIAN, 801 N. BRAND BLVD., SUITE 210, GLENDALE, CA 91203; (818) 553-1000

| | | | |
|---|---|---|---|
| DATE: **JAN 29 2021**<br>*(Fecha)* | Sherri R. Carter, Clerk<br> | Clerk, by<br>*(Secretario)* | _____, Deputy<br>STEVEN DREW *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

4

55c - 6

| | |
|---|---|
| 1 | Hovanes Margarian, SBN 246359 |
| | hovanes@margarianlaw.com |
| 2 | Armen Margarian, SBN 313775 |
| | armen@margarianlaw.com |
| 3 | Shushanik Margarian, SBN 318617 |
| | shushanik@margarianlaw.com |
| 4 | THE MARGARIAN LAW FIRM |
| | 801 North Brand Boulevard, Suite 210 |
| 5 | Glendale, CA 91203 |
| 6 | Telephone:    (818) 553-1000 |
| | Facsimile:    (818) 553-1005 |
| 7 | |
| 8 | Attorneys for Plaintiff, |
| | HOVSEP HAGOPIAN |

**FILED**
Superior Court of California
County of Los Angeles

**JAN 29 2021**

Sherri R. Carter, Executive Officer/Clerk of Court
By_____S. DREW_____Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

HOVSEP HAGOPIAN, as an individual, on behalf of himself, all others similarly situated, and the general public,

            Plaintiff,

vs.

TOYOTA MOTOR NORTH AMERICA, INC., a California Corporation; and DOES 1 through 100, inclusive,

            Defendants.

Case No.:   **21STCV03559**
(Class Action)

**CLASS ACTION COMPLAINT FOR DAMAGES:**

1. Breach of Express Warranty

2. Breach of Implied Warranty

3. Breach of Warranty (Song-Beverly Consumer Warranty Act), Civil Code § 1790, *et seq.*;

4. Breach of Warranty (Magnuson-Moss Warranty Act), 15 U.S.C. § 2301 *et seq.*;

5. Violation of the California Unfair Competition Act ("UCL"), Business and Professions Code § 17200, *et seq.*

6. Violation of the California False Advertisement Law ("FAL"), Business and Professions Code § 17500, *et seq.*

7. Violation of the California Consumer Legal Remedies Act ("CLRA") § 1750, *et seq.*

8. Nuisance

**DEMAND FOR JURY TRIAL**

1

2 **COMPLAINT**

3     NOW COMES Plaintiff, HOVSEP HAGOPIAN, as an individual, on behalf of himself, all others

4 similarly situated, and the general public, by and through his attorneys, The Margarian Law Firm, with

5 the Class Action Complaint for Damages against Defendants, TOYOTA MOTOR NORTH AMERICA,

6 INC., a California Corporation; and DOES 1 through 100, inclusive.

7

8 **INTRODUCTION**

9     1.   This is a civil action alleging breaches of express and implied warranties pursuant to the Song-

10 Beverly Consumer Warranty Act (Civil Code § 1790, *et seq.*) and the Magnuson-Moss Warranty Act (15

11 U.S.C. § 2301, *et seq.*), violation of the California Unfair Competition Act ("UCL") (Business and

12 Professions Code § 17200, *et seq.*) as well as False Advertisement (Business and Professions Code §

13 17500, *et seq.*), and violation of the California Consumer Legal Remedies Act ("CLRA") (Civil Code §

14 1750, *et seq.*) for Defendant TOYOTA MOTOR NORTH AMERICA's pattern and practice of

15 fraudulently, unfairly, deceptively, and unlawfully marketing, advertising, promoting, and leasing/selling

16 various vehicles with a defective brake system that generates an extremely loud squealing noise when

17 using the brakes.

18     2.   Plaintiff brings this action on behalf of himself and all other similarly situated persons residing

19 in California and/or the United States who leased and/or purchased vehicles manufactured by Defendant,

20 TOYOTA MOTOR NORTH AMERICA, INC., a California Corporation ("Defendant" or "TOYOTA")

21 equipped with a defective brake system that generates an extremely loud squealing noise when using the

22 brakes, described in further detail within this Complaint.

23     3.   As of early 2015, if not before, Defendants designed, manufactured, distributed, marketed,

24 sold, and leased vehicles equipped with factory-installed high-friction brakes which make an extremely

25 loud squealing noise ("Subject Brakes").

26     4.   As of early 2015, if not before TOYOTA knew or should have known Subject Brakes are

27 defective because TOYOTA has internal procedures of testing their new vehicles and their equipment for

28

extended periods of time, in various conditions, before mass production, and distribution of the vehicles. Additionally, the Lexus (a division of TOYOTA) website states that brake noise/squeal may result due to the inherent characteristic of the materials and the design of the brake pads.

5.   The noise generated by Subject Brakes is above and beyond expectations of an ordinary consumer.

## PARTIES

6.   Plaintiff, HOVSEP HAGOPIAN ("Plaintiff" or "Hagopian"), is and was at all times relevant herein an individual residing in Los Angeles County, State of California. Plaintiff Hagopian leased and during pertinent times was in possession of one of the Subject Vehicles, a 2019 Lexus LC bearing the Vehicle Identification Number JTHHP5AYXKA006691 ("Subject Vehicle"). The Subject Vehicle was manufactured, sold, or otherwise delivered to Plaintiff Hagopian with the defective brake system at issue in this case and as described herein.

7.   Plaintiff appears in this action on behalf of himself, on behalf of all others similarly situated, and pursuant to Business and Professions Code §§ 17200 *et seq.* and 17500 *et seq.*, on behalf of the general public in their capacity as a private attorney general.

8.   Defendant, TOYOTA is a California Corporation licensed to do, and is doing business throughout the United States, with its principal place of business located at 6565 Headquarters Drive, Plano, TX 75024.

9.   TOYOTA transacts business in Los Angeles County, California, and at all relevant times designed, manufactured, promoted, marketed, distributed, and/or leased/sold the Subject Vehicles that are the subject of this Complaint, throughout the United States including California. Defendant TOYOTA has significant contacts with Los Angeles County and the activities complained of herein occurred, in whole or in part, in Los Angeles County.

10.   Plaintiff is informed, believes, and based thereon alleges that Defendants DOES 1 through 100 are corporations or are other business entities or organizations of a nature unknown to Plaintiff.

11.   Plaintiff is unaware of the true names of Defendants DOES 1 through 100.  Plaintiff sues said defendants by said fictitious names and will amend this Complaint when the true names and capacities

-3-
CLASS ACTION COMPLAINT FOR DAMAGES

1   are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the

2   Court. Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner

3   responsible for the events and allegations set forth in this Complaint.

4   12.   Plaintiff is informed, believes, and based thereon alleges that at all relevant times, each

5   Defendant was a developer, designer, manufacturer, distributor, and lessor/seller of vehicles, was the

6   principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate,

7   parent corporation, successor in interest, and/or predecessor in interest of some or all of the other

8   Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and

9   bore such other relationships to some or all of the other Defendants so as to be liable for their conduct

10   with respect to the matters alleged in this complaint. Plaintiff is further informed, believes, and based

11   thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged

12   above, and that at all relevant times, each Defendant knew or should have known about, authorized,

13   ratified, adopted, approved, controlled, aided, and abetted the conduct of all other Defendants. As used

14   in this Complaint, "Defendants" means "Defendants and each of them," and refers to the Defendants

15   named in the particular cause of action in which the word appears and includes TOYOTA and DOES 1

16   through 100.

17   13.   At all times mentioned herein, each Defendant was the co-conspirator, agent, servant,

18   employee, and/or joint venturer of each of the other Defendants and was acting within the course and

19   scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent

20   of each of the other Defendants.

21   14.   Plaintiff makes the allegations in this Complaint without any admission that, as to any

22   particular allegation, Plaintiff bears the burden of pleading, proving, or persuading, and Plaintiff reserves

23   all of Plaintiff's rights to plead in the alternative.

24

25                                   **JURISDICTION AND VENUE**

26   15.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331

27   as this action arises under a federal statute. This Court has supplemental jurisdiction over the state law

28   claims under 28 U.S.C. § 1367.

16. Jurisdiction is also proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because: (1) at least one Plaintiff is a citizen of a different state than Defendant; (2) the amount in controversy exceeds $5,000,000; and (3) there are at least 100 individuals in the putative class that Plaintiff seeks to represent through this action.

17. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in California, is present and licensed to conduct business in California, and the events giving rise to this lawsuit occurred in California.

18. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts substantial business in this District, and a substantial part of the acts, conduct, and events alleged herein occurred within California, including the County of Los Angeles.

## FACTUAL ALLEGATIONS

19. Plaintiff files this class action on behalf of himself, all others similarly situated and the general public for damages and/or restitution, as appropriate, for the Class from Defendant TOYOTA MOTOR NORTH AMERICA, INC. ("TOYOTA") for developing, designing, manufacturing, distributing, and selling vehicles with a defective brake system. The models of vehicles with a defective brake system include but are not limited to the following: 2016-2019 Lexus LC500; 2016-2019 Lexus RC F; 2016-2019 Lexus GS F; 2013-2018 Toyota Corolla ("Subject Vehicle(s)" or "Class Vehicle(s)").

20. Beginning on or before 2015, TOYOTA manufactured, sold, and distributed certain models of vehicles described above that contain a defective brake system that results in a loud squealing noise from the brakes, directly affecting the use and enjoyment of the vehicle.

21. The Class Vehicles contain one or more design and/or manufacturing defects, including but not limited to defects contained in the Class Vehicles' brakes that cause a loud squealing noise when the brakes are applied.

22. Plaintiff is informed, believes, and based thereon alleges that TOYOTA acquired its knowledge of the brake noise defect as of 2015, if not before, through sources not available to Class Members, including but not limited to pre-release testing data, early consumer complaints about the brake noise defect, testing conducted in response to those complaints, aggregate data from TOYOTA dealers,

including dealer repair orders and high warranty reimbursement rates that can cost in the thousand dollars for each class vehicle, and from other internal sources.

23. TOYOTA has a duty to disclose the brake noise defect and remedy the associated out-of-pocket repair costs to Class Vehicles owners for many reasons including the fact that the defect poses an unreasonable annoyance; because TOYOTA had and has exclusive knowledge or access to material facts about the Class Vehicles and the Subject Brakes that were and are not known or reasonably discoverable by Plaintiffs and Class Members; and because TOYOTA has actively concealed the brake noise defect from its customers.

24. Hundreds, if not thousands, of purchasers and lessees of the Class Vehicles have experienced the brake defect. Complaints posted on the Internet by consumers demonstrate that the defect is widespread. The complaints also indicate TOYOTA's awareness of the defect:

- "I have a 2018 LC500h and have noticed that the brake pedal is making a loud clicking noise when pressed. No affect on the performance of the brakes. But having had two Lexus cars in the past this is not something that ever happened before. Lexus dealer saying it is "normal" but clearly it's not. Any ideas?" (March 22, 2019)

- "Anyone know who makes the brakes on the LC 500. Mine are pretty noisy. Brembo brakes are notorious for noise. I've read Porsche take on noisy brakes-basically live with it!" (April 8, 2018)

- "Hi. I have an LC 500 and love it except the squeaky, squealing brakes. I brought into the Lexus dealership when I couldn't take it anymore. While it was not a recall, a bulletin went out to Lexus dealerships about the brakes on the LC 500 in April 2018. My brake pads were replaced this past Friday/Saturday and I was able to drive it home quietly (as far as the brakes go) just the way of $100,000 car should sound when stopping or slowing down. This was a warranty repair and cost me nothing. I've been told that high performance brakes make noise but I'm not on a racing circuit and rather have them be quiet." (December 15, 2018)

- "Grinding noise when braking and reversing in my 2018 Toyota Corolla car under 25 miles on odometer. Have gone to several dealerships and have been told that I am

braking too hard (seriously in a new car??) & window passenger side front makes noise while going up and down they said they lubricated it but now its making more noise." (September 13, 2018)

- "Brakes on my 2016 Toyota Corolla began making grinding noise when applied in during stop and go traffic. Was taken to dealership where I was told brakes are fine. As soon as I left I began hearing noise again while applying brakes and called them back but was told nothing could be done since no issue." (March 30, 2019)

25. Apart from demonstrating how widespread the defect is, most of the online complaints demonstrate that ordinary consumers were not informed, nor they expect for their vehicles to produce a loud squealing noise when braking. The online complaints also demonstrate how the defect affects the use and enjoyment of the Class Vehicles and the annoyance that the defect causes to a reasonable person that purchased or leased a Class Vehicle.

26. Plaintiff also complains about the amount of negative attention the noise from Subject Brakes attracts while driving in crowded streets within city limits. Additionally, the defect draws the attention of officers of law enforcement agencies, which associate brake squeal with high-speed driving and racing.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

27. This action has been brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure § 382 and Civil Code § 1781 and other applicable law on behalf of himself and a Class as defined as follows:

(1) California Class: The Class that Plaintiff seeks to represent ("California Class") consists of all persons and entities who purchased or leased, or will purchase or lease, a Subject Vehicle in California, on or after the date Defendant placed the Subject Vehicles into the stream of commerce (the Class specifically does not include any claims seeking damages for personal injuries or property damage resulting from defects as alleged herein). Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family member of any such person. Also excluded is any trial judge who may

1    preside over this case.

2    (2) <u>National Class</u>: The Class that Plaintiff seeks to represent ("National Class") is defined to

3    include all persons and entities within the United States who purchased or leased, or will

4    purchase or lease, a Subject Vehicle, on or after Defendant placed the Subject Vehicles into

5    the stream of commerce (the Class specifically does not include any claims seeking damages

6    for personal injuries or property damage resulting from defects as alleged herein). Excluded

7    from the National Class are Defendants, any parent, subsidiary, affiliate, or controlled person

8    of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants,

9    and the immediate family member of any such person. Also excluded is any trial judge who

10    may preside over this case.

11    28.    There is a well-defined community of interest in the litigation, and the proposed class is

12    ascertainable:

13    (1)    <u>Common Questions Predominate</u>: Common questions of law and fact exist as to all class

14    members and predominate over any questions that effect only individual members of the

15    class, if there are any individual questions. The common questions of law and fact include,

16    but are not limited to:

17    a.  Whether the Subject Vehicles were designed, manufactured, sold, and/or

18    otherwise equipped with brake systems that were poor, weak, or inferior in

19    design and/or otherwise defective;

20    b.  Whether Defendants knew of the defective nature of the brake systems on the

21    Subject Vehicles;

22    c.  Whether Defendants violated California consumer protection statutes;

23    d.  Whether Defendants breached its express warranties;

24    e.  Whether Defendants breached its implied warranties;

25    f.  Whether Defendants' brake systems on the Subject Vehicles contained an

26    inherent design and/or manufacturing defect;

27    g.  Whether the defect in the brake systems on the Subject Vehicles caused and/or

28    contributed to the loud squealing brake noise when used for their intended

-8-

purpose (driving);

h.  Whether the advertisements and statements made by Defendants were and are false and/or had and have had a tendency to deceive customers, by either failing to disclose the existence of an inherent defect or misrepresenting that the Subject Vehicles contained no defects;

i.  Whether Defendants failed to adequately warn and/or notify class members and the general public regarding the defects of the brake systems on the Subject Vehicles causing loud squealing noises due to their inherent design or defect as described herein;

j.  Whether Defendants have failed to notify all Subject Vehicle owners or lessees of the defect here at issue and repair or correct (or offer to repair or correct) all defective brake systems on the Subject Vehicles at no cost to the owners or lessees of the Subject Vehicles;

k.  Whether Defendants are obligated to inform the Class of their right to obtain, free of charge, repair, and replacement of the defective components of the defective brake system on the Subject Vehicles;

l.  Whether Defendants adequately informed Dealers of the remedies to the design or defect as described herein;

m.  Whether Defendants are required to provide the New Motor Vehicle Board with a copy of TOYOTA's Service Bulletin(s), if any, concerning the remedies to the design or defect as described herein (or the information contained in the bulletin(s)) so that the public could have access to it;

n.  The nature and extent of Defendants implied warranty of merchantability for the brake system;

o.  Whether TOYOTA's warranty to repair defects in the Subject Vehicles was part of the basis of the bargain as between TOYOTA and members of the Class;

p.  Whether the presence of the defective brake systems in the Subject Vehicles is an unlawful, unfair, and/or "fraudulent" business act or practice within the

-9-

1                    meaning of the Business and Professions Code §§ 17200 *et seq.*;

q. Whether Defendants concealed from and/or failed to disclose to Plaintiff and the Class the true defective nature of the brake systems;

r. Whether Defendants had a duty to Plaintiff and the Class to disclose the defective nature of the brake systems;

s. Whether the facts concealed and/or otherwise not disclosed by Defendants to Plaintiff and the Class are material facts;

t. Whether Defendants knew that the brake systems are defective, would result in a loud squealing noise meaning that the Subject Vehicles were not suitable for use as passenger vehicles and otherwise are not as warranted and represented by Defendants;

u. Whether Defendants knew or reasonably should have known about these inherent defect(s);

v. When Defendants learned of this inherent defect;

w. Whether Defendants continued to lease/sell the Subject Vehicles with the defective brake systems as alleged herein despite its knowledge and/or reckless or negligent disregard of this inherent defect;

x. Whether the Class Members are entitled to damages in terms of cost of replacement (or repair) of the defective brake systems on the Subject Vehicles and any out-of-pocket expenses incurred in connection therewith, and if so, the nature and amount of such damages;

y. Whether Plaintiff and the Class are entitled to recover damages and the proper measure of damages;

z. Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to restitution;

aa. Whether Plaintiff and the Class are entitled to declaratory relief sought herein;

bb. Whether Plaintiff and the Class are entitled to injunctive relief sought herein;

cc. Whether Plaintiff the Class are entitled to punitive damages and, if so, the

amount of such exemplary damages;

dd. Whether the defective brake systems caused the amount paid for the purchase or lease of the Subject Vehicles to be less than the fair market value of those vehicles; and

ee. Whether there is a difference between the fair market value of the Subject Vehicles and the actual value of those vehicles given the presence of the defective brake systems.

(2)     Typicality: Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and the Class Members sustained the same types of damages and losses.

(3)     Numerosity and Ascertainability: The Class is so numerous, thousands of persons, that individual joinder of all Class members is impractical under the circumstances. The Class members can be ascertained by, among other things, lease/sales records, and by responses to methods of class notice permitted by law.

(4)     Adequacy: Plaintiff is a member of the Class and will fairly and adequately protect the interests of the members of the Class. The interests of the Plaintiff are coincident with, and not antagonistic to, those other members of the Class. Plaintiff has retained attorneys who are experienced in Class action litigation. Plaintiff will fairly and adequately represent and protect the interest of the Plaintiff Class. Plaintiff is an adequate representative of the Class, as he does not have interests that are adverse to the interests of the Plaintiff Class. Plaintiff is committed to the vigorous prosecution of this action and has retained counsel, who are competent and experienced in handling complex and class action litigation on behalf of consumers.

(5)     Superiority and Substantial Benefit: The prosecution of separate actions by individual members of the Class would create a risk of: (1) Inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class; and (2) Adjudication with respect to the individual members of the Class would substantially impair or impede the ability of other members of the Class who are not parties to the adjudications to protect their

-11-

interests. The class action method is appropriate for the fair and efficient prosecution of this action. Individual litigation of the claims brought herein by each Class Member would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. Class treatment, by contract provides manageable judicial treatment calculated to bring a rapid conclusion to all litigation of all claims arising out of the aforesaid conduct of Defendants. The certification of the Class would allow litigation of claims that, in view of the expense of the litigation may be sufficient in amount to support separate actions.

## FACTS COMMON TO ALL CAUSES OF ACTION

29. TOYOTA develops, designs, manufactures, markets, advertises, distributes, and sells various models of vehicles, including the Subject Vehicles identified herein that were manufactured and/or equipped with Subject Brakes.

30. Plaintiff is informed, believes, and based thereon alleges the Subject Vehicles contain a brake system comprised of defective components resulting in the loud squealing noise.

31. The particular brake system in the Subject Vehicles for the corresponding model years, are and always have been defective, which, among other things, causes the loud squealing noise, substantially affecting the use, value, and enjoyment of the Subject Vehicles. The model and years are:

- 2016-2019 Lexus LC500;
- 2016-2019 Lexus RC F;
- 2016-2019 Lexus GS F; and
- 2013-2018 Toyota Corolla.

32. As a part of TOYOTA's advertising campaign, through its controlled dealership network, TOYOTA distributed to the class members numerous pamphlets, brochures, and specification sheets which emphasized or focused on the quality and safety of the Subject Vehicles here at issue.

33. The written materials distributed and disseminated by Defendants in their advertising campaign(s) created express warranties as to the reliability, excellence, and safety of the Subject Vehicles at issue and that the components of such vehicles are free from inherent risk of failure, particularly with

-12-

1    regard to use and safety. Such warranty was breached by the existence of the defect in the Subject
2    Vehicles at issue and TOYOTA's failure to warn consumers of its existence.

3    34.    These advertisements, due to the national scope and extent of Defendants multi-media
4    campaign, were uniformly made to all members of the Class. Class members' acts of leasing and/or
5    purchasing the Subject Vehicles were consistent with basing such decisions upon such advertisements,
6    and thus formed part of the basis for the transaction at issue.

7    35.    Plaintiff is informed, believes, and based thereon alleges that the loud squealing noise
8    generated by the brake system on the Subject Vehicles is due, in part, to the defective brake components
9    installed on the Subject Vehicles.

10   36.    At all relevant times, TOYOTA has been aware of the herein described defect in the brake
11   system on the Subject Vehicles and has consciously disregarded the rights and safety of Plaintiff,
12   members of the Class and the general public in that numerous complaints about the loud squealing noise
13   and defective brake system in the Subject Vehicles have been lodged with TOYOTA. Despite said
14   knowledge, TOYOTA, however, has failed to notify owners and lessees of the Subject Vehicles of the
15   defects associated with their continued operation as alleged herein.

16   37.    At all relevant times, TOYOTA has not fully disclosed to purchasers or lessees of the Subject
17   Vehicles, information regarding the high incidence of the loud squealing noise generated by the brakes
18   of the Subject Vehicles as detailed herein, nor has it disclosed the true facts that TOYOTA either knew
19   or recklessly or negligently disregarded the existence and reasons for this inherent defect for years.

20   38.    Plaintiff is further informed, believes, and based thereon alleges that in not correcting or
21   warning of this defect, TOYOTA has violated its own internal procedures, which require prompt
22   investigation and thorough analysis of all potential defects and notification to vehicle owners and lessees
23   describing the defect, as well as instructions relating to the correction of the defect if a defect is
24   determined to exist.

25   39.    Defendants' conduct, as fully described herein, is in violation of California Civil Code §
26   1795.90 *et seq*. (California's Secret Warranty Law) which was enacted to abolish "secret" warranties and
27   practices as alleged herein. The term "secret warranty" is used herein to describe the practice by which
28   an automaker, such as Defendant TOYOTA, establishes a policy to pay for the repair of that defect

-13-

without making the defect or the policy known to the public at large. A secret warranty is usually created when the automaker, such as TOYOTA, realizes that a large number of its customers are experiencing a defect not otherwise covered by a factory warranty, and decides to offer warranty coverage to individual customers only if the customer complains about the problem first. The warranty is therefore considered "secret" because all owners are not notified of it. Instead, the automaker usually issues a service bulletin to its regional offices and/or dealers on how to deal with the defect. Because owners are kept in the dark about the cost-free repair, the automaker only has to reimburse those customers who complain loudly enough; the quiet consumer pays to fix the defect his or himself.

40.   Section 1795.92 of the California Secret Warranty Law imposes several duties on automakers, including TOYOTA, each of which is designed to do away with secret warranties.

41.   Specifically, the California Secret Warranty law requires automakers to notify all eligible owners and lessees ("consumers") by first class mail, within 90 days of adoption, whenever they enact "any program or policy that expands or extends the consumer's warranty beyond its stated limit or under which [the] manufacturer offers to pay for all or any part of the cost of repairing, or to reimburse consumers for all or any part of the cost of repairing, any condition that may substantially affect vehicle durability, reliability, or performance[.]"

42.   The California Secret Warranty Law also requires automakers, including TOYOTA, to provide the New Motor Vehicle Board with a copy of the notice described in the preceding paragraph, so the public can view, inspect, or copy that notice.

43.   Additionally, the California Secret Warranty Law requires automakers, including TOYOTA, to advise their dealers, in writing, of the terms and conditions of any warranty extension, adjustment, or reimbursement program.

44.   The California Secret Warranty Law also requires an automaker, such as TOYOTA, to "implement procedures to assure reimbursement of each consumer eligible under an adjustment program who incurs expenses for repair of a condition subject to the program prior to acquiring knowledge of the program."

45.   Plaintiff is informed, believes, and based thereon alleges that TOYOTA has, when the customers have complained loudly enough, offered to pay for all or any part of the cost of defective brake

1    replacement or repair for the Subject Vehicles and therefore, TOYOTA is obligated to comply with the

2    provisions of the California Secret Warranty Law, but has not done so.  Moreover, by extending its new

3    car warranty to cover brake system replacement or repair to some customers and not others, TOYOTA

4    has expanded or extended the consumer's express warranty beyond its stated limit.

5      46.   Specifically, TOYOTA did not notify Plaintiff, or any other owner or lessee of a Subject

6    Vehicle of their right to seek a free repair, replacement or retrofit of the brake system, or to be reimbursed

7    for the cost of repairing the brake system in these vehicles.

8      47.   It was only after a Class Vehicle owner or lessor complained vehemently that TOYOTA made

9    efforts to repair Subject Vehicle's brake system or replace it during each complaint thereof.

10      48.   TOYOTA, by and through its authorized dealerships, engaged in a nationwide conspiracy to

11    cover up the Subject Vehicles' brake defect by systematically refusing to document visits by Plaintiff and

12    other Class members with the subject complaint.

13      49.   By failing to document these visits and provide repair orders TOYOTA systematically

14    deprived Plaintiff and other Class members of their lemon law rights by distorting the Subject Vehicles'

15    repair histories.

16      50.   At all times relevant, Plaintiff is informed, believes, and based thereon alleges that TOYOTA

17    has not and did not comply with the dealer notification provisions of the California Secret Warranty Law

18    nor has TOYOTA sent a copy of a Service Bulletin to the New Motor Vehicle Board.

19      51.   At all times relevant, Plaintiff is informed, believes, and based thereon alleges that TOYOTA

20    has refused to provide the free repair, replacement, or retrofitting of the brake system to owners of the

21    affected vehicles and has refused to reimburse consumers who have paid to have the brake systems

22    repaired in their vehicles except for some who complained enough.

23      52.   Knowing the truth and motivated by profit and market share, Defendants have knowingly and

24    willfully engaged in the acts and/or omissions to mislead and/or deceive Plaintiff and others similarly

25    situated.

26      53.   The defective brake system on the Subject Vehicles has resulted and will continue to result in

27    significant loss and damage to the class members, including but not limited to, diminished use and

28    reduced fair market value.

54.   Despite the Defendants' express representations that the Subject Vehicles would likely retain their value at a rate higher than competing vehicles and that the vehicles are "reliable," this has simply not occurred.  As a result of the problems with the Subject Vehicles as described herein and the extremely loud brake squeal noise, the value of the Subject Vehicles has been significantly diminished.  On the Internet and in other media outlets, hundreds of people have reported the problems they have experienced with their vehicles. There is little doubt that these reports have serious diminished the resale value of the Subject Vehicles. Given the high value and the luxury status of Subject Vehicles, the fact that these vehicles produce extremely loud squealing noise when braking under normal conditions diminishes the value of the vehicles more than the same problems would in lower valued vehicles.

55.   This action seeks financial compensation for members of the Class in connection with their purchase of the Subject Vehicles.  Plaintiff does not seek: (i) damages for personal, bodily, or emotional injury or wrongful death; or (ii) damages for becoming subject to liability or legal proceedings by others.

## TOLLING OF STATUTE OF LIMITATIONS

56.   Any applicable statutes of limitation have been equitably tolled by TOYOTA's affirmative acts of fraudulent concealment, suppression, and denial of the true facts regarding the existence of the inherent defects alleged herein.  Such acts of fraudulent concealment include but are not limited to intentionally covering up and refusing to publicly disclose critical internal memoranda, design plans, studies, Notices of Action, Problem Detail Reports and other reports of failure and injury, as well as affirmative misrepresentations made to NHTSA and people who called or otherwise contacted TOYOTA attempting to identify and resolve this defect.  Through such acts of fraudulent concealment, TOYOTA was able to actively conceal from the public for years the truth about the defective design and manufacture of the brake system on the Subject Vehicles, thereby tolling the running of any applicable statute of limitations.

57.   Defendants are estopped from relying on any statutes of limitation because of their misrepresentation and fraudulent concealment of the true facts, as described herein, concerning the brake system on the Subject Vehicles. Defendants were, at all times aware of the true nature of the defects as described herein but at all times continued to manufacture and market the Subject Vehicles despite this

1  knowledge.

2

3                                  **FIRST CAUSE OF ACTION**

4                                  BREACH OF EXPRESS WARRANTY

5                                  *(Against All Defendants)*

6      58.   Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of

7  Class Action Complaint for Damages.

8      59.   TOYOTA's written representations in the warranty manual(s), sales brochures, pamphlets, and

9  other writings disseminated by TOYOTA in the promotion, marketing, and sales of the Subject Vehicles

10  constitute an express warranty and/or warranties to Plaintiff and the Class Members.

11     60.   TOYOTA's advertising campaign(s) which focused on its vehicles being free of defects,

12  including but not limited to the Subject Vehicles being "all-in engineering, all-out performance", "crafted

13  to the extreme", "experience amazing", "the pursuit of perfection", "luxuriously crafted, consciously

14  engineered", and "effortless luxury" as printed in their product brochures, pamphlets, and media and

15  which focused on excellence, reliability and safety of these vehicles. As such, TOYOTA expressly

16  warranted that such vehicles were free from inherent and latent defects.

17     61.   For each of the Subject Vehicles at issue, TOYOTA issued a standardized express written

18  warranty which covers the base vehicle, including without limitation, the brake system, and warranted

19  that the vehicles were free of defects.  Applying any TOYOTA warranty limitation period to avoid the

20  need to repair this particular defect would be unconscionable in that, *inter alia*, the vehicles at issue

21  contain an inherent latent defect which could arise at any time, the defect was already present at the time

22  of delivery, TOYOTA was either aware of or consciously and/or recklessly disregarded this defect which

23  could not be discovered by Plaintiff and members of the class at the time of such purchase or lease, and

24  purchasers or lessees lacked any meaningful choice with respect to the warranty terms.

25     62.   Defendants have and continue to breach said express warranties in the following ways, among

26  others as follows:

27     (1)   At the time of manufacture and lease/sale of the Subject Vehicles, there existed an

28          inherent, latent defect in the brake system;

(2)   The brake system on the Subject Vehicles was not free from defects;

(3)   The brake system on the Subject Vehicles was and is at all relevant times defective;

(4)   TOYOTA has refused to take responsibility for the defective brake system on the Subject Vehicles, denying all liability or even the existence of the defect as described herein;

(5)   TOYOTA has engaged in a nationwide conspiracy to cover up the Subject Vehicles' brake noise defect by systematically refusing to document visits by Plaintiff and other Class Members to authorized dealerships with the subject complaint;

(6)   By failing to document these visits and provide repair orders TOYOTA has systematically deprived Plaintiff and other Class Members of their lemon law rights by distorting the Subject Vehicles' repair histories; and

(7)   The brake systems were defective at the time of manufacture, sale, and delivery to Plaintiff and others similarly situated and they were making an unreasonably loud squealing noise which forced Plaintiff and others similarly situated to have the brakes of the vehicles repaired or replaced much more frequently than conventional counterparts.

63.   Plaintiff HAGOPIAN provided initial notice to Defendant TOYOTA of their breach as alleged herein on February 28, 2020.

64.   To date Defendants have failed to remedy their breach pursuant to Plaintiff's notices.

65.   As a result of Defendants' breach of express warranties as set forth above, Plaintiff and others similarly situated have suffered and will continue to suffer damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY

#### *(Against All Defendants)*

66.   Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint for Damages.

67.   The Subject Vehicles are manufactured goods and at all times relevant, Defendant manufactured, sold, and placed these products into the stream of commerce.

-18-

68.  The transactions by which the Class members purchased the Subject Vehicles were transactions for the sale of goods and at all times relevant, Defendant TOYOTA was in the business of manufacturing, selling, and/or distributing these goods for sale throughout the United States, including California.

69.  The presence of the defect in the Subject Vehicles purchased by the Class substantially impairs the use and value of those goods.  Moreover, the defects in the Subject Vehicles render them non-conforming goods and/or were not the same quality as those generally accepted in the trade, were not fit for the ordinary purposes for which the goods are used, were of poor or below average quality within the description, and/or did not conform to the affirmations of fact made by TOYOTA in its labeling, product inserts, and/or warranty materials it provided along with the lease/sale of the Subject Vehicles.

70.  The defective brake system makes the Subject Vehicles unfit for the ordinary purposes for which the Vehicles are to be used and at all times relevant, TOYOTA has failed and refused to repair the defects in the brake system of the Subject Vehicles and has failed and refused to do so at no charge to the class members.

71.  Upon discovering the latent defects in the defective brake system on the Subject Vehicles, Plaintiff took reasonable steps to notify Defendant TOYOTA within a reasonable time that the product did not have the expected quality and contained the defects as alleged herein.

72.  As a direct and proximate result of the foregoing, Plaintiff and all the other Class Members sustained significant loss and damage, including but not limited to, a reduction in fair market value and they did not receive the benefit of their bargain.

### THIRD CAUSE OF ACTION

BREACH OF WARRANTY UNDER THE SONG-BEVERLY CONSUMER WARRANTY ACT

CIVIL CODE § 1790 ET SEQ.

*(Against All Defendants)*

73.  Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint for Damages.

74.  Plaintiff and other Class Members who purchased the Subject Vehicles in California are

-19-

1    "buyers" within the meaning of California Civil Code § 1791(b).

2    75.   The Subject Vehicles are "consumer goods" within the meaning of California Civil Code §
3    1791(a).

4    76.   Defendant is a "manufacturer" within the meaning of California Civil Code § 179.

5    77.   Defendant made express warranties to Plaintiff and the other Class Members within the
6    meaning of California Civil Code §§ 1791.2 and 1793.2, as described above.

7    78.   Defendant breached these warranties by selling the Subject Vehicles with the defect, requiring
8    repair or replacement within the applicable warranty period, and refusing to honor the warranties by
9    providing free repairs or replacements during the applicable warranty periods.

10   79.   As alleged above, the terms of Defendant's express warranty are both substantively and
11   procedurally unconscionable. Defendant's attempt to disclaim or limit these express warranties is
12   unconscionable and unenforceable because it knowingly sold a defective product without informing
13   consumers about the defect.

14   80.   The time limits contained in Defendant's warranty period are also unconscionable and
15   inadequate to protect Plaintiff and the Class Members. Among other things, Plaintiff and Class Members
16   had no meaningful choice in determining these time limitations, the terms of which unreasonably favor
17   Defendant. A gross disparity of bargaining power existed between Defendant and Plaintiff and Class
18   Members and Defendant knew or should have known that the Subject Vehicles brake systems were
19   defective at the time if sale and would fail well before the end of their useful lives.

20   81.   Defendant did not promptly replace or repair the defective brake systems.

21   82.   As a direct and proximate result of Defendant's breach of its express warranties, Plaintiff and
22   the other Class Members received goods whose condition substantially impairs their value to Plaintiff
23   and the other Class Members. Plaintiff and the other Class Members have been damaged as a result of,
24   *inter alia,* the diminished value of Defendant's products, the products' malfunctioning, and actual and
25   potential increased maintenance and repair costs.

26   83.   Pursuant to California Civil Code §§ 1793.2 and 1794, Plaintiff and the other Class Members
27   are entitled to damages and other legal and equitable relief including, at their election, the purchase price
28   of the Subject Vehicles brake systems, or the overpayment or diminution in value of these devices.

84.   Pursuant to California Civil Code § 1794, Plaintiffs and the other Class Members are entitled to costs and attorney fees.

### FOURTH CAUSE OF ACTION

BREACH OF WARRANTY UNDER THE MAGNUSON-MOSS WARRANTY ACT

15 U.S.C. § 2301 ET SEQ.

*(Against All Defendants)*

85.   Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint for Damages.

86.   The Subject Vehicles and respective brake systems on the Subject Vehicles are "consumer products" as that term is defined by 15 U.S.C. § 2301(1).

87.   Plaintiff and Class Members are "consumers" as that term is defined by 15 U.S.C. § 2301(3).

88.   TOYOTA is a "supplier" as that term is defined by 15 U.S.C. § 2301(4).

89.   TOYOTA is a "warrantor" as that term is defined by 15 U.S.C. § 2301(5).

90.   TOYOTA provided Plaintiff and Class Members with "written warranties" as that term is defined by 15 U.S.C. § 2301(6).

91.   Section 15 U.S.C. § 2310(d)(1) provides that a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title, or a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief in any court of competent jurisdiction in any state or in an appropriate District Court of the United States.

92.   TOYOTA's written representations in the warranty manual(s), sales brochures, pamphlets, and other writings disseminated by TOYOTA in the advertising, promotion, marketing, and sales of the Subject Vehicles constitute an express warranty and/or warranties to Plaintiff and others similarly situated.

93.   TOYOTA's statements made in its advertising, promotion, marketing, and sales of the Subject Vehicles, and by operation of law, constitute implied warranties that these vehicles are merchantable and fit for their intended purpose.

94.   TOYOTA breached these written and implied warranties as described in the allegations herein,

-21-

with respect to the brake systems of the Class Vehicles by failing to acknowledge that Plaintiff's brakes and those of other Class Members were defective and eligible to be replaced under TOYOTA's written and implied warranties.

95.   By TOYOTA's conduct described and alleged herein, including TOYOTA's knowledge that the brake systems of the Class Vehicles were abnormally degraded or otherwise defective, TOYOTA has failed to comply with its obligations under their written and implied promises, warranties, and representations.

96.   In its capacity as a warrantor, and by the conduct and allegations described herein, any attempts by TOYOTA to limit the implied warranties in a manner that would exclude coverage is unconscionable and any such effort to disclaim, or otherwise limit liability is null and void.

97.   The transactions by which Plaintiff and the Class Members purchased the Subject Vehicles were transactions for the sale of goods and at all times relevant, TOYOTA was the seller of the Subject Vehicles and placed these products into the stream of commerce throughout the United States, including California. At all times relevant, TOYOTA maintained showroom stores and vehicle service centers in California.

98.   The Class Vehicles came with an implied warranty that any parts thereof were merchantable, were the same quality as those generally accepted in the trade, were not of poor or below average quality within the description, and/or conformed to the affirmations of fact made by TOYOTA.

99.   The Class Vehicles, however, were non-conforming goods and/or goods that were not the same quality as those generally accepted in the trade, were of poor or below average quality within the description, and/or did not conform to affirmations of fact disseminated by TOYOTA.

100.   As a direct and proximate result of the foregoing, Plaintiff and the Class Members sustained loss and damage and did not receive the benefit of their bargain.

101.   All jurisdictional prerequisites have been satisfied.

102.   Plaintiff and the other Class members are in privity with TOYOTA in that they purchased the Class Vehicles from TOYOTA or its agents.

103.   As a result of TOYOTA'S breach of warranties, Plaintiff and the other Class Members are entitled to revoke their acceptance of the Class Vehicles, obtain damages and equitable relief, and obtain

costs pursuant to 15 U.S.C. § 2310.

## FIFTH CAUSE OF ACTION

VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.

*(Against All Defendants)*

104. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint for Damages.

105. Plaintiff has standing to bring this claim because Plaintiff has lost money or property as a result of the misconduct alleged.

106. Plaintiff brings this claim on behalf of himself and others similarly situated in his representative capacity as a private attorney general against all Defendants for their unlawful, unfair, fraudulent, untrue, and/or deceptive business acts and/or practices pursuant to California Business and Professions Code § 17200 *et seq.* ("UCL"), which prohibits all unlawful, unfair, and/or fraudulent business acts and/or practices.

107. Plaintiff asserts these claims as they are representative of an aggrieved group and as a private attorney general on behalf of the general public and other persons who have expended funds that the Defendants should be required to pay or reimburse under the restitutionary remedy provided by California Business and Professions Code § 17200 *et seq.*

108. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendants as alleged herein constitute unlawful, unfair, and/or fraudulent business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

109. The acts, omissions, misrepresentations, practices, non-disclosures, and/or concealments of material facts, and/or deception alleged in the preceding paragraphs occurred in connection with Defendants' conduct of trade and commerce in California.

110. As a direct and proximate result of the aforementioned acts, Defendants, and each of them, received monies expended by Plaintiff and others similarly situated who leased/purchased the Subject Vehicles.

111. Defendants aggressively promoted and advertised their Subject Vehicles in an unlawful, unfair,

1   fraudulent, untrue, and/or deceptive manner that is and was likely to deceive the public.

2      112.   Defendants falsely advised Class Members that the non-conformities exhibited by the Subject
3   Vehicles as outlined herein were in fact normal and did not constitute a defect.

4      113.   Defendants actively engaged in a custom and practice of encouraging failure to and/or failing
5   to document complaints by Class Members regarding the non-conformities exhibited by the Subject
6   Vehicles as outlined herein.

7      114.   Defendants' misconduct as alleged in this action constitutes negligence and other tortious
8   conduct and this misconduct gave these Defendants an unfair competitive advantage over their
9   competitors.

10      115.   Defendants' conduct constitutes unfair acts or practices conducted in the course of Defendants'
11   respective businesses, and thereby constitutes violations of California Business and Professions Code §
12   17200 *et seq.*  Defendants' conduct and intent to widely market the Subject Vehicles to California
13   consumers involved false and misleading advertising.  Such conduct offends the established public policy
14   of the State of California and is immoral, unethical, oppressive, unscrupulous, and substantially injurious.

15      116.   Pursuant to California Business and Professions Code § 17203 of the UCL, Plaintiff seeks an
16   order of this Court enjoining TOYOTA from continuing to engage in unlawful, unfair, or fraudulent
17   business practices, and any other act prohibited by the UCL. Plaintiff also seeks an order requiring
18   TOYOTA to comply with the terms of the California Secret Warranty Law by (a) notifying Class
19   Members of the defective brake warranty; (b) providing free installation of the re-designed brakes to
20   Class Members, (c) notifying dealers of the facts underlying the brake problem and the terms of the brake
21   warranty, (d) notifying the New Motor Vehicle Board of the brake warranty; and (e) identifying and
22   reimbursing Class Members who have paid for brake repairs (including the re-designed brake) to be
23   installed.  Plaintiff also seek an order (i) enjoining TOYOTA from failing and refusing to make full
24   restitution of all moneys wrongfully obtained; and (ii) disgorging all ill-gotten revenues and/or profits
25   earned or retained as a result of TOYOTA's violations of the California Secret Warranty Law.

26      117.   As set forth above, TOYOTA has violated the California Secret Warranty Law.  As a direct
27   and proximate result of TOYOTA's conduct, TOYOTA obtained secret profits by which it became
28   unjustly enriched at Plaintiff' and the Class members' expense.

118.   Accordingly, Plaintiff seeks an order establishing TOYOTA as a constructive trustee of the secret profits that served to unjustly enrich TOYOTA, together with interest during the period in which TOYOTA has retained such funds and requiring TOYOTA to disgorge those funds in a manner to be determined by the Court.

119.   In addition to the relief requested in the Prayer below, Plaintiff seeks the imposition of a constructive trust over, and restitution of, the monies collected and profits realized by Defendants.

120.   Defendants' conduct, as fully described herein, constitutes acts of untrue and misleading advertising and are, by definition, violations of California Business and Professions Code § 17200 *et seq.*

121.   The unlawful, unfair, deceptive and/or fraudulent business practices and/or false and misleading advertising of Defendants, as fully described herein, present a continuing threat to members of the public to be injured by the Subject Vehicles equipped with the defective brake systems as alleged herein.

122.   In accordance with the provisions of *Business & Professions Code §§ 17200* and *17203,* Plaintiff seeks an order of this Court requiring Defendant to immediately cease such acts of unfair competition and enjoining Defendant from continuing to conduct business via the unlawful, unfair, and fraudulent business acts and practices set forth in this Complaint and from failing to disclose the true nature of their misrepresentations and ordering Defendant to engage in a corrective notice and advertising campaign.

## SIXTH CAUSE OF ACTION

VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500 ET SEQ.

*(Against All Defendants)*

123.   Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Plaintiff's Complaint for Damages.

124.   Plaintiff has standing to bring this claim because Plaintiff has lost money or property as a result of the misconduct alleged.

125.   *Business & Professions Code § 17500* prohibits unfair, deceptive, untrue, and misleading advertising in connection with the disposal of personal property (among other things), including, but not

-25-

limited to, false statements as to worth, value, and former price.

126. During the sales process, Defendants intentionally made the previously alleged misrepresentations and promises by deceivingly assuring Plaintiff that the Subject Vehicle was in excellent mechanical condition, which included brakes that do not make a loud squealing noise.

127. Thereafter, Plaintiff discovered that the Subject Vehicle made a loud squealing noise when applying the brakes.

128. In making such misrepresentations and wrongful acts, Defendants committed acts of untrue and misleading advertising as defined in *Business & Professions Code § 17500*, by advertising the Subject Vehicle as not having any defects without any intent of selling it as described.

129. The acts of untrue and misleading advertising by Defendants described above present a continuing threat to members of the general public in that Defendants persist and continue to engage in these practices with respect to the general public and will not cease doing so unless and until an injunction is issued by this Court.

130. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages for which relief is sought herein. As such, Plaintiff requests that this Court order Defendant to restore this money to Plaintiff and all Class Members and to enjoin Defendant from continuing these unfair practices in violation of the UCL in the future. Otherwise, Plaintiff and the broader general public will be irreparably harmed and/or denied an effective and complete remedy.

## SEVENTH CAUSE OF ACTION

VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT

CIVIL CODE § 1750 ET SEQ.

*(Against All Defendants)*

131. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Plaintiff's Complaint for Damages.

132. The Subject Vehicles are "goods" within the meaning of Civil Code § 1761(a).

133. Defendants are "persons" as defined by Civil Code § 1761(c).

134. Plaintiff and each member of the Class are "consumers" within the meaning of Civil Code §

-26-

1761(d).

135.   The Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.* applies to Defendants' actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

136.   Defendants have violated the CLRA in at least the following respects:

(1) In violation of Civil Code § 1770(a)(5), Defendants have represented that the Subject Vehicles have characteristics and benefits that they do not have;

(2) In violation of Civil Code § 1770(a)(7), Defendants have represented that the Subject Vehicles are of a particular standard, quality, or grade when they are not;

(3) In violation of Civil Code § 1770(a)(9), Defendants have advertised the Subject Vehicles without an intent to sell them as advertised;

(4) In violation of Civil Code § 1770(a)(14), Defendants have misrepresented that a transaction confers or involves legal rights, obligations, or remedies of Plaintiff and other members of the Class concerning the Subject Vehicles when they were not;

(5) In violation of Civil Code § 1770(a)(18), Defendants have represented that the Subject Vehicles were supplied in accordance with previous representations when they were not; and

(6) In violation of Civil Code § 1770(a)(19), Defendants unlawfully inserted an unconscionable provision in the contract to purchase or lease the Subject Vehicles here at issue by inserting into such contracts provisions where the consumers purport to waive a right or benefit provided by law to obtain a repair or a retrofit of an inherent defect without a clear statement and consent to such provisions.

137.   Defendants' deceptive acts alleged herein occurred in the course of selling a consumer product and Defendants have done so continuously through the filing of this Complaint.

138.   As a direct and proximate result of Defendants violation of Civil Code § 1770 *et seq.*, Plaintiff and other Class members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of himself and on behalf of the Class, seek damages and all other relief allowable under the CLRA.

139.   Defendants' wrongful conduct, as set forth above, was willful, oppressive, and malicious. Accordingly, Plaintiff, and others similarly situated, seek punitive damages against Defendants in an

-27-

1   amount to deter Defendants from similar conduct in the future.

2   140.   Pursuant to Civil Code § 1782, Plaintiff provided notice to Defendants at least thirty days prior

3   to filing this action for damages.

4   141.   Defendants failed to make the showing required by Civil Code § 1782(c).

5   142.   As a result, Plaintiff seeks actual and punitive damages for violation of the CLRA. In addition,

6   pursuant to Civil Code § 1782(a)(2), Plaintiff and members of the class are entitled to an order enjoining

7   the above-described wrongful acts and practices of Defendants, providing restitution to Plaintiff and the

8   Class, ordering payment of costs and attorneys' fees, and any other relief deemed appropriate and proper

9   by the Court under Civil Code § 1780.

10

11                **EIGHTH CAUSE OF ACTION**

12                        Nuisance

13                 *(Against All Defendants)*

14   143.   Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of

15   Class Action Complaint for Damages.

16   144.   TOYOTA permitted and continues to permit, by distributing and selling the Subject Brakes, a

17   condition to exist that is offensive to the senses of the owners and an obstruction to the free use of the

18   Class Vehicles, so as to interfere with the comfortable use and enjoyment of their vehicles.

19   145.   The condition interfered and continues to interfere with the use and enjoyment of Class

20   Vehicles by their owners and lessors.

21   146.   Plaintiff and the remaining Class Members did not consent to the defective condition for the

22   simple reason that the defective condition was never properly disclosed to them.

23   147.   An ordinary person would be reasonably annoyed or disturbed by the loud squealing noise

24   coming from the brakes when driving at slow speeds.

25   148.   All Class Members that have the Subject Brakes have been harmed, regardless of whether they

26   complained of the noise to TOYOTA authorized dealerships or not.

27   149.   The seriousness of the harm outweighs the public benefit of TOYOTA'S conduct since a

28   simple disclosure of the loud squealing noise by TOYOTA would have been enough to allow prospective

buyers and lessors to make an informed decision.

## PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, also on behalf of the general public, prays for judgment against Defendants as follows:

      A.  An order certifying this case as a Class Action and appointing Plaintiff and their counsel to represent the Class;

      B.  For actual damages;

      C.  For statutory damages in an amount of not less than $1,000 per Plaintiff or Class member pursuant to California Civil Code § 1780(a)(1);

      D.  For restitution as appropriate;

      E.  For statutory pre-judgment interest;

      F.  For punitive damages in an amount to deter Defendants from similar conduct in the future;

      G.  For any additional and consequential damages suffered by Plaintiff and the Class;

      H.  For reasonable attorneys' fees and the costs of this action;

      I.  For declaratory and/or equitable relief under the causes of action stated herein; and

      J.  For such other relief as this Court may deem just and proper.

///
///
///
///
///
///
///
///
///
///

-29-

CLASS ACTION COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2

3      Plaintiff demands a trial by jury for himself and the Class on all claims so triable.

4    Dated this 27th day of January 2021.

5

6                                    THE MARGARIAN LAW FIRM
                                     801 North Brand Boulevard, Suite 210
7                                    Glendale, CA 91203

8
                                     By _____
9                                    Hovanes Margarian, Esq.
10                                   Attorney for Plaintiff
                                     and all others Similarly Situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF HOVANES MARGARIAN PURSUANT TO CIVIL CODE § 1780(d)**

I, HOVANES MARGARIAN, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and am the principal attorney at the Margarian Law Firm, one of the counsels of record for Plaintiff. I have personal knowledge of the matters set forth below and if called upon as a witness could and would competently testify thereto.

2. I am informed and believe that venue is proper in this court pursuant to Civil Code § 1780(d) based on the following facts:

   a. Defendant has performed transactions at issue in this action, or has obtained financial benefit from such transactions, at all times relevant to this action, in Los Angeles, California; and

   b. At all relevant times herein, Plaintiff HAGOPIAN resided in Los Angeles County.

WHEREFORE, I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed this 27th day of January 2021 at Glendale, California.

THE MARGARIAN LAW FIRM
801 North Brand Boulevard, Suite 210
Glendale, CA 91203

By _____
Hovanes Margarian, Esq.
Attorney for Plaintiff
and all others Similarly Situated

CLASS ACTION COMPLAINT FOR DAMAGES

# Exhibit B

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>THE MARGARIAN LAW FIRM<br>HOVANES MRGARIAN, ESQ. SBN. 246359<br>801 N. BRAND AVE., SUITE 210<br>GLENDALE, CA 91203<br><br>TELEPHONE NO.: 818-553-1000     FAX NO. *(Optional)*: 818-553-1003<br>E-MAIL ADDRESS *(Optional)*: HOVANES@MARGARIANLAW.COM<br>ATTORNEY FOR *(Name)*: HOVSEP HAGOPIAN | *FOR COURT USE ONLY*<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br><br>FEB 19 2021<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

| PLAINTIFF/PETITIONER: HOVSEP HAGOPIAN, ET AL.<br>DEFENDANT/RESPONDENT: TOYOTA MOTOR NORTH AMERICA, INC. | CASE NUMBER:<br>21STCV03559 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [x] summons

   b. [x] complaint

   c. [x] Alternative Dispute Resolution (ADR) package

   d. [x] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [x] other *(specify documents)*: Notice of Case Assignment Unlimited Civil Case, Plaintiff's Statement of Damages

3. a. Party served *(specify name of party as shown on documents served)*:
      TOYOTA MOTOR NORTH AMERICA, INC., a California Corporation

   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
          under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
          Carlos Paz

4. Address where the party was served:
   818 W. 7th Street, Suite 930 Los Angeles, CA 90017

5. I served the party *(check proper box)*

   a. [x]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
           receive service of process for the party  (1) on *(date)*: February 11, 2021     (2) at *(time)*: 10:40 AM

   b. [ ]  **by substituted service.** on *(date)*:              at *(time)*:          I left the documents listed in item 2 with or
           in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
                of the person to be served. I informed him or her of the general nature of the papers.

        (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                place of abode of the party. I informed him or her of the general nature of the papers.

        (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
                address of the person to be served, other than a United States Postal Service post office box. I informed
                him or her of the general nature of the papers.

        (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
                at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
                *(date)*:              from *(city)*:              or [ ] a declaration of mailing is attached.

        (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

POS-010

| PLAINTIFF/PETITIONER: HOVSEP HAGOPIAN, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TOYOTA MOTOR NORTH AMERICA, INC. | 21STCV03559 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

　　(1) on *(date):*　　　　　　　　　　　　　　　(2) from *(city):*

　　(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

　　(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

　d. ☐ **by other means** *(specify means of service and authorizing code section):*

　　　☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
　a. ☐ as an individual defendant.
　b. ☐ as the person sued under the fictitious name of *(specify):*
　c. ☐ as occupant.
　d. ☒ On behalf of *(specify):* TOYOTA MOTOR NORTH AMERICA, INC., a California Corporation
　　under the following Code of Civil Procedure section:

　　　☒ 416.10 (corporation)　　　　　　　　　☐ 415.95 (business organization, form unknown)
　　　☐ 416.20 (defunct corporation)　　　　　☐ 416.60 (minor)
　　　☐ 416.30 (joint stock company/association)　☐ 416.70 (ward or conservatee)
　　　☐ 416.40 (association or partnership)　　　☐ 416.90 (authorized person)
　　　☐ 416.50 (public entity)　　　　　　　　☐ 415.46 (occupant)
　　　　　　　　　　　　　　　　　　　　　　☐ other:

7. **Person who served papers**
　a. Name: Gagik Margarian
　b. Address: 801 N. Brand Blvd., Suite 210 Glendale, CA 91203
　c. Telephone number: 818-553-1000
　d. **The fee** for service was: $0
　e. I am:
　　(1) ☒ not a registered California process server.
　　(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
　　(3) ☐ a registered California process server:
　　　　☐ owner　　☐ employee　　☐ independent contractor.
　　　(ii) Registration No.:
　　　(iii) County:

8. ☒ I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
　　**or**
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: February 11, 2021

Gagik Margarian
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

　　　　　　　　　　　　　　　　　　　　　　　　(SIGNATURE)

POS-010 [Rev. January 1, 2007]　　　　　**PROOF OF SERVICE OF SUMMONS**　　　　　Page 2 of 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2021, I caused a copy of **DECLARATION OF ELIZABETH A. SPERLING IN SUPPORT OF NOTICE OF REMOVAL** to be served upon counsel in the manner described below.

Participants in the case who are registered CM/ECF users will be served by the Central District CM/ECF system.  In addition, the following counsel will be served in the manner described below:

Via U.S. First Class Mail:

| | |
|---|---|
| Hovanes Margarian<br>Armen Margarian<br>Shushanik Margarian<br>THE MARGARIAN LAW FIRM<br>801 North Brand Boulevard<br>Suite 210<br>Glendale, CA  91203 | Counsel for Plaintiff<br>HOVSEP HAGOPIAN<br><br>Telephone:   (818) 553-1000<br>Facsimile:   (818) 553-1005<br><br>E-Mail:  hovanes@margarianlaw.com<br>E-Mail:  armen@margarianlaw.com<br>E-Mail:  shushanik@margarianlaw.com |

*/s/ Elizabeth A. Sperling*
Elizabeth A. Sperling

Attorneys for Defendant
TOYOTA MOTOR NORTH AMERICA, INC