O

# United States District Court
# Central District of California

| | |
|---|---|
| HOVSEP HAGOPIAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., et al.,<br><br>　　　　　Defendants. | Case № 2:21-cv-02248-ODW (JDEx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [27]** |

## I.　INTRODUCTION

Plaintiff Hovsep Hagopian initiated this putative class action based on his allegations the 2019 Lexus LC is equipped with a defective brake system that "generates an extremely loud squealing noise" when the brakes are engaged. (First Am. Compl. ("FAC") ¶ 1, ECF No. 21.) Defendants Toyota Motor Sales, U.S.A, Inc., ("TMS"), and Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), collectively, ("Toyota") move to dismiss for failure to state a claim. (Mot. to Dismiss ("Mot."), ECF No. 27.) For the reasons discussed below, the Court **GRANTS** Toyota's Motion.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Hagopian leased a 2019 Lexus LC (the "Vehicle"), which is equipped with a "high-friction" "high-performance" brake system. (*Id.* ¶¶ 3, 6.) Hagopian claims the Vehicle "contain[s] one or more design and/or manufacturing defects, including but not limited to defects contained in the . . . brakes that cause a loud squealing noise when the brakes are applied." (*Id.* ¶ 25.)

Based on these allegations Hagopian asserts seven claims: (1) breach of express warranty; (2) breach of implied warranty; (3) breach of warranty under the Song-Beverly Consumer Warranty Act; (4) breach of warranty under the Magnuson-Moss Warranty Act; (5) violations of California Business and Professions Code section 17200; (6) violations of California Business and Professions Code section 17500; and (7) nuisance. (FAC ¶¶ 66–166.)

## III. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). But factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Testing the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. On a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679.

However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless "it is clear . . . the complaint could not be saved by any amendment." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008); *see* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires").

## IV. DISCUSSION

Hagopian claims that the high-performance brake system in the Vehicle is defective. (FAC ¶ 25.) In its Motion to Dismiss, Toyota argues that Hagopian's entire action revolves around one vague allegation—the Vehicle "contains one or more design and/or manufacturing defects . . . that cause a loud squealing noise when the brakes are applied." (Mot. 4–5 (quoting FAC ¶ 25).) Toyota contends that Hagopian's FAC is deficient under Rule 8(a)(2) because Hagopian fails to include facts regarding "any specific design feature, component, mechanism, or function" that renders the Vehicle defective. (*Id.*)

Rule 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "The level of factual specificity necessary to plead claims based on product defects presents a difficult question that the Ninth Circuit has not squarely addressed, and on which district courts have not reached consensus." *Clark v. Am. Honda Motor Co.*, No. CV 20-03147 AB (MRWx), 2021 WL 1186338, at *3 (C.D. Cal. Mar. 25, 2021). However, "a complaint must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively, and those allegations must plausibly suggest an entitlement to relief." *Id.* (internal quotation marks and brackets omitted). "In the context of product defect claims, district courts in the Ninth Circuit have often held that a complaint provides fair notice of the defect if it (1) identifies the particular

part or system affected by the defect, and (2) describes the problems allegedly caused by the defect." *Id.* (collecting cases). Describing only the effects of an alleged defect is insufficient. *See DeCoteau v. FCA US LLC*, No. 2:15-cv-00020-MCE-EFB, 2015 WL 6951296, at *3 (E.D. Cal. Nov. 10, 2015).

For example in *Clark*, 2021 WL 1186338, the court found allegations that "various systems and components" in a vehicle were defective satisfied Rule 8(a)(2) because the plaintiffs alleged those systems and components caused "sudden, unintended and uncontrollable deceleration, engine stalls, hesitation upon depressing the gas pedal, abrupt shutdowns and shifts into neutral while driving." The plaintiffs in *Clark* also alleged "[the] issues [were] the result of a miscommunication among the computers and software which controll[ed] the engine, throttle[,] and transmission." *Id.* Thus, the Court held the plaintiffs "sufficiently identified the components and systems involved in the alleged defect, and the resulting symptoms of the defect," which satisfied Rule 8. *Id.*

Here, in contrast, Hagopian's vague allegations fail to sufficiently identify the components and systems involved and the resulting symptoms of the purported defect. Hagopian repeatedly alleges that the Vehicle "contains one or more design and/or manufacturing defects, including but not limited to . . . brakes that cause a loud squealing noise when the brakes are applied." (FAC ¶ 25.) This fails to sufficiently identify the component of the brake system that is purportedly defective and merely alleges the effect of the supposed defect (i.e., loud noise). Moreover, Hagopian's allegations that the brake noise is a result of a defect is not plausible. In the FAC, Hagopian acknowledges that Toyota's website contains a disclosure stating "brake noise/squeal may result due to the inherent characteristic of the materials and the design of the brake pads." (*Id.* ¶ 4.) Thus, it is implausible that a known and disclosed characteristic of the type of high-friction, high-performance brakes used in Hagopian's Vehicle rendered the brake system defective. Therefore, the Court finds that Hagopian's allegations fail to satisfy Rule 8(a)(2).

Accordingly, the Court **GRANTS** Toyota's Motion and **DISMISSES** Hagopian's claims with leave to amend.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Toyota's Motion. (ECF No. 27.)  If Hagopian chooses to file a second amended complaint ("SAC"), he must do so no later than **twenty-one (21) days** from the date of this Order.  If Hagopian files a SAC, Toyota must file its response no later than **fourteen (14) days** from the date of the SAC filing.  Hagopian's failure to file a SAC will convert this dismissal to one with prejudice.

**IT IS SO ORDERED.**

August 6, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**